Samdup v. Holder

BIA
Nelson, IJ
A087 469 108

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　GERARD E. LYNCH,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　*Circuit Judges.*
_____

KUNCHOK SAMDUP,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　12-1833
　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Steven J. Kolleeny, New York, NY.

FOR RESPONDENT:　　　Stuart F. Delery, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kunchok Samdup, an alleged native of Tibet and citizen of China, seeks review of an April 5, 2012, order of the BIA, affirming the March 31, 2011, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kunchok Samdup*, No. A087 469 108 (B.I.A. Apr. 5, 2012), *aff'g* No. A087 469 108 (Immig. Ct. New York City Mar. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Samdup's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his

2

account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Samdup does not challenge the agency's finding that he testified inconsistently with his application concerning the length of his father's detention and whether he had hung pro-Tibetan posters in 2002. Instead, he contends that these inconsistencies were an improper basis for the IJ's credibility determination because they are not material to his claim. Under the REAL ID Act, however, an IJ may rely on inconsistencies that are "not directly material" to an applicant's claim where "the cumulative effect of those inconsistencies reasonably could have affected the IJ's [credibility] evaluation." *Xiu Xia Lin*, 534 F.3d at 167. Moreover, the IJ's credibility determination was not exclusively based on these inconsistencies and was further buttressed by the insufficiency of Samdup's corroborative evidence and the omission of his high blood pressure and

3

blood sugar, which he testified was caused by his mistreatment in China, from his doctor's affidavit. Samdup's assertion that the agency improperly relied on the omission from his doctor's affidavit, because omissions are treated differently than inconsistencies for the purpose of the credibility finding, is incorrect. *See Xiu Xia Lin*, 534 F.3d at 166 (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). Accordingly, Samdup has failed to show that the identified inconsistencies and omission were an improper basis for the IJ's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Having called Samdup's credibility into question, the agency reasonably determined that his failure to present sufficient corroborative evidence further undermined his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers

4

to specific facts sufficient to demonstrate that the applicant is a refugee" (emphasis added)); *see also Xiao Ji Chen v. US Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight accorded to the applicant's evidence lies largely within the discretion of the agency). We have recognized that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Contrary to Samdup's assertion, the agency did not err in according his uncle and brother's letters diminished weight because they were from interested witnesses not subject to cross examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (rejecting letters from applicant's relatives and friends because they were "interested witnesses not subject to cross-examination"), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). In any event, Samdup fails to challenge the agency's

5

determination that these letters were insufficient to rehabilitate his credibility because they omitted any reference to his father's detention and related death. Samdup also asserts that the agency erred in according the one-page translation of his 1997 household registry diminished weight. However, he fails to challenge the agency's finding that the registry's listing of his sibling as the head of household contradicted his testimony that his father had died from his detention related injuries in 2001 and, therefore, did not rehabilitate his credibility. The agency also did not err in declining to credit Samdup's letters from the Office of Tibet and Tibetan Tehor Association, which indicated that he was a Tibetan refugee, because Samdup failed to submit the underlying documentation upon which the letters' representation of Tibetan refugee status was based. *Xiao Ji Chen*, 471 F.3d at 342. Similarly, contrary to Samdup's assertion, the agency's failure to explicitly discuss his letter from the NYU Program for Survivors of Torture does not compellingly suggest that it was ignored because the letter merely indicated, without elaboration, that Samdup had been admitted to the program. *See Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all

of the evidence before [it], unless the record compellingly suggests otherwise"); *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (noting that the agency is not required to expressly "parse or refute on the record each individual argument or piece of evidence offered by the petitioner"). Finally, Samdup takes issue with the IJ's finding that his doctor's affidavit and medical photographs were insufficient to overcome the issues with his inconsistent testimony and other corroborative evidence. However, as we have previously found, where there are two permissible views of the evidence, the fact-finder's choice between them does not suggest error. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

The agency also did not err in failing to independently assess Samdup's CAT claim based solely on his status as an ethnic Tibetan. We have recognized that an applicant whose claims of past persecution were found not credible may nevertheless establish eligibility for CAT relief through objective evidence. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). However, even assuming that Samdup had independently established his status as an ethnic Tibetan, he failed to support his application with any State Department Reports or other objective evidence of conditions

7

for ethnic Tibetans in China.  We decline Samdup's invitation to take judicial notice of the relevant State Department reports because our review is limited to the administrative record.  *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007); 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Samdup's motion for a stay of removal in this petition is DENIED as moot. Samdup's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk